## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AVERY GERMAN, a minor, by and     )
through ABBY BURKHART, his mother,   )
natural guardian and next friend,     )
                            )
         Plaintiffs,          )
                            )
v.                                  )      Case No. 06-1328-JTM-DWB
                            )
KATHRYN E. SAWCHAK, M.D.;     )
ANN M. HENTZEN PAGE; and      )
HUTCHINSON HOSPITAL, CORP.,    )
                            )
         Defendants.        )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel and Memorandum in

Support, requesting that the Court order Defendant Kathryn Sawchak to respond to

one of the requests contained in Plaintiffs' First Set of Request for Production of

Documents.  (Docs. 49.)  Defendant responded to the motion (Doc. 50) and

Plaintiffs filed a reply.  (Doc. 53.)  After carefully reviewing the submissions of the

parties, the Court is prepared to rule on Plaintiffs' motion.

## BACKGROUND

The present case was filed on November 1, 2006, alleging that Defendant Sawchak ("Defendant") committed obstetrical medical malpractice relating to the labor of Abby Burkhart and the delivery and neonatal care of her son, Avery German, on November 6, 2002.  (Doc. 1.)  Paragraph 16 of Plaintiff's Complaint states that Defendant's alleged malpractice includes "negligently managing Abby Burkhart's prenatal care, labor and delivery; [and] . . . failing to respond emergently to an ominous fetal heart tracing and effectuate prompt delivery . . ."

Plaintiffs seek to compel the production of documents relating to a continuing medical education course attended by Defendant.  Defendant attended the course, "Advanced Fetal Monitoring 2003 and Legal Implications," approximately four months <u>after</u> Avery German's birth.  (Doc. 49, pg. 1.)  The parties conferred in accordance with D.Kan. Rule 37.2, but were unable to resolve this matter without the Court's intervention.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. Defendant does not contend that the documents at issue are privileged.  Rather, Defendant's objections are grounded on the issue of relevance.  (Doc. 50, pg. 4-7.)

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Audiotext Comm. Network, Inc., v. US Telecom, Inc.,* No. 94-2395, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (citing *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan.1991)).  In other words, a request for discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  *Haggard v. Standard Register Co.*, No. 01-2513, 2003 WL 365955 (D. Kan. Jan. 21, 2003).

"When the discovery sought appears relevant on its face, the party resisting the discovery bears the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Dean v. Anderson*, No. 01-2599, 2002 WL 1377729, at *2  (D. Kan. June 6, 2002).  "The party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant." *Audiotext*, 1995 WL 625962, at *3 (citations omitted).  "When 'relevancy is not apparent, [however], it

is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean***, 2002 WL 1377729, at *2 (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)).

The Court acknowledges Defendant's concerns regarding the relevancy of a continuing medical education course she attended four months <u>after</u> she provided medical care and treatment to Plaintiffs.  Defendant argues that the contents of this class "simply is not relevant to whether [she] met the standard of care at the time of plaintiff's delivery."  (Doc. 50, pg. 5.)  Defendant continues, however, by stating that "[t]he only way for plaintiff to determine whether the course material does, in fact, capture the standard of care at the time of Avery German's delivery is to actually compare the course materials with other standard of care information that precedes the date of Avery German's delivery."  *Id*.  The Court agrees and finds Plaintiff should have the opportunity to make this comparison.

Defendant also contends that the information "has the potential to cause significant confusion as to the actual standard of care in place at the time" of the events at issue.  (*Id*. at 6.)  This argument, however, relates to the admissibility of the information at trial rather than its production during discovery.  It is well settled in this District that information need not be admissible at trial to be discoverable.  ***DIRECTV, Inc. v. Puccinelli***, 224 F.R.D. 677, 685-86 (D.Kan.

4

2004); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300 (D.Kan. 2000). *See also* Fed.R.Civ.P. 26(b)(1) (stating that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence").

Mindful of "the ordinary presumption in favor of broad disclosure," *Dean*, 2002 WL 1377729, at *2, the Court finds that the information requested in Plaintiffs' Request for Production of Documents No. 27(b) relating to the March 10, 2003, continuing medical education course "Advanced Fetal Monitoring 2003 and Legal Implications" is discoverable. Plaintiffs' Motion to Compel is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiff with copies of the requested information not later than **July 23, 2007.**

Dated at Wichita, Kansas on this 11th day of July, 2007.

   s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge